IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

STEVE N. BURTON

    Plaintiff,

v.

UNITED STATES OF AMERICA, CHARLES SCHOEPHOERSTER, P.A.,
KEITH BAKER, M.D., and CALVIN POLLAND, D.O.

    Defendants

## COMPLAINT AND CERTIFICATE OF REVIEW

Steve Burton, by and through his attorneys, hereby states as follows:

### THE PARTIES

1. The Plaintiff, Steve Burton, is a resident and citizen of the County of El Paso, State of Colorado, and was the husband of Deborah Burton, the decedent.

2. The Defendant, the United States of America, is a proper party to this action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* which at all times was acting through Peterson Air Force Base Clinic [hereinafter "Peterson"] in Colorado Springs, Colorado.

3. Charles Schoephoerster, P.A. ("Defendant Schoephoerster") was a physician assistant licensed to practice in the State of Colorado and was a personal services contractor of the United States.

4. Keith Baker, M.D. ("Defendant Baker") was a physician licensed to practice medicine in the State of Colorado and was a personal services contractor of the United States.

5. Calvin Polland, D.O. ("Defendant Polland") was a physician licensed to practice medicine in the State of Colorado and was a personal services contractor of the United States.

## JURISDICTION AND VENUE

6. The Plaintiff is informed and believes that, in this case, if the United States were a private person, liability would be imposed under the laws of the State of Colorado upon the practice, physicians, staff and other agents, servants, and employees charged with the responsibility for the medical care and treatment of Deborah Burton, acting within the course and scope of their employment with Peterson.

7. This Court has jurisdiction of this action pursuant to its Federal Question Jurisdiction as provided for by 28 U.S.C. §§ 1331 and 1346, in that the action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

8. Venue is proper in this District the acts and omissions all occurred in Colorado.

9. Plaintiff timely served via Certified Mail an Administrative Claim pursuant to 28 U.S.C. §2675. The claim was denied on February 24, 2012.

## GENERAL FACTUAL ALLEGATIONS

10. At all relevant times, Defendant Schoephoerster held himself out as a physician assistant qualified to care and treat patients such as Ms. Burton and Ms. Burton relied upon those representations.

11. At all relevant times, Defendant Baker held himself out as a physician qualified to care and treat patients such as Ms. Burton.

12. Based upon information and belief, Defendant Baker was the secondary physician supervisor for Defendant Schoephoerster on July 22, 2009.

13. At all relevant times, Defendant Polland was the primary physician supervisor for Defendant Schoephoerster.

14. The terms "Defendant" or "Defendants," as used hereinafter, include the employees, agents, representatives, officers, staff, and any other persons under the supervision and/or control of the named Defendants, as well as their predecessors and successors in interest.

15. On or about July 22, 2009, Ms. Burton was seen by Defendant Schoephoerster for flu like symptoms, including coughing, chest pain, runny nose and a headache. Ms. Burton also reported that individuals in her building at work had tested positive for H1N1 influenza.

16. On or about July 22, 2009, Ms. Burton's vitals included a heart rate of 116 and a temperature of 103.2° Fahrenheit.

17. Based upon information and belief, on or about July 22, 2009, Defendant Schoephoerster conferred with Defendant Baker regarding the treatment plan for Ms. Burton.

18. On or about July 22, 2009, although Defendant Schoephoerster ordered an influenza test, he declined to prescribe Tamiflu to Ms. Burton despite her working amongst individuals who had been diagnosed with influenza and a recent influenza outbreak at the Academy.

19. On or about July 27, 2009, Ms. Burton was informed that she tested positive for influenza.

20. On or about July 27, 2009, based upon information and belief, when Ms. Burton reported to Elizabeth Cruz that she was still having problems with a cough and some problems breathing, Ms. Cruz consulted with Defendant Schoephoerster and promethazine with codeine was prescribed.

21. Based upon information and belief, when Ms. Burton picked up her new prescription on July 27, 2009, she was seen by Defendant Schoephoerster or Ms. Cruz, with problems breathing, but no examination or additional treatment was recommended.

22. On July 28, 2009, Ms. Burton died from complications of untreated influenza.

## CLAIM FOR RELIEF
### (Negligence – Defendant Schoephoerster)

23. Plaintiff hereby incorporates all other paragraphs in this Complaint.

24. Defendant Schoephoerster was negligent in the care and treatment provided to Ms. Burton, and failed to meet the standard of care for physician assistants, practicing in the same specialty at that time, under similar circumstances. Said negligence includes, but is not limited to the following:

   a. failure to promptly identify Ms. Burton's illness as influenza;

   b. failure to order the appropriate tests to rule in or out influenza on an expedited basis;

   c. failure to prescribe appropriate medications, such as Tamiflu, on July 22, 2009;

   d. failure to provide an appropriate treatment plan to address Ms. Burton's medical condition; and

  e. failure to promptly refer Ms. Burton to a hospital when she reported continued and worsening symptoms on July 27, 2009.

25. As a direct result of the negligence of the Defendant as set forth in this Complaint, Plaintiff has suffered and has continued to suffer injuries, damages and losses from the wrongful death of Ms. Burton, including, without limitation: any economic losses, including any expenses from the wrongful death Ms. Burton, funeral and burial expenses, loss of income, and the value of lost services and benefits that Plaintiff might have reasonably expected to receive from Ms. Burton, had she lived; any non-economic losses and injuries, including damages for grief, loss of companionship, impairment of quality of life, inconvenience, pain and suffering, emotional distress, psychological complications and other non-economic losses, past and future. Plaintiff claims damages pursuant to C.R.S. §13-21-203, in an amount to be determined by the trier of fact.

## SECOND CLAIM FOR RELIEF
### (Negligence – Defendant Baker)

26. Plaintiff hereby incorporates all other paragraphs in this Complaint.

27. Defendant Baker was negligent in the care and treatment provided to Ms. Burton, and failed to meet the standard of care for physicians, practicing in the same specialty at that time, under similar circumstances. Said negligence includes, but is not limited to the following:

  a. failure to promptly identify Ms. Burton's illness as influenza;

  b. failure to order the appropriate tests to rule in or out influenza on an expedited basis;

  c. failure to confirm that Defendant Schoephoerster ordered the appropriate medications, such as Tamiflu, on July 22, 2009; and

d.  failure to provide an appropriate treatment plan to address Ms. Burton's medical condition.

28. As a direct and proximate result of the negligence of Defendant Baker, Plaintiff has suffered injuries, damages and losses as more fully identified in this Complaint.

## THIRD CLAIM FOR RELIEF
### (Negligence–Vicarious- Defendants Baker and Polland)

29. Plaintiff incorporates all other paragraphs in this Complaint.

30. Section 12-36-106(5)(b)(I), C.R.S., requires, in part, for physician assistants performing acts which constitute the practice of medicine, that "the act[s] shall not be performed except under the personal and responsible direction and supervision of a person licensed . . . to practice medicine . . . . The [Colorado State Board of Medical Examiners (the "Board")] may define appropriate direction and supervision pursuant to rules and regulations."

31. The Board has provided in 3 Colo. Code Regs. § 713-7 that its rules are "designed to make the primary physician supervisor responsible for the conduct of the physician assistant unless another physician, the secondary physician supervisor, clearly assumes responsibility."

32. Pursuant to 3 Colo. Code Regs. § 713-7:

a.  Defendant Polland was the primary physician supervisor for Defendant Schoephoerster;

b.  Based upon information and belief, Defendant Baker was the secondary physician supervisor for Defendant Schoephoerster, and should have assumed responsibility for Defendant Schoephoerster's conduct on July 22, 2009, when he rendered health care services to Ms. Burton, in conjunction with Defendant Baker.

33. Defendants Baker and Polland are vicariously liable for any negligence by Defendant Schoephoerster during the times they were primary and/or secondary supervisors of him.

34. As a direct and proximate result of the negligence of Defendants Baker and Polland, Plaintiff has suffered injuries, damages and losses as more fully identified in this Complaint.

## FOURTH CLAIM FOR RELIEF
### Federal Tort Claims Act

35. This claim is brought by Plaintiff against Defendant, the United States of America, for actions undertaken by the named Defendants as well as the negligence of Ms. Cruz and any other agents, employees or servants of Defendant USA who caused or contributed to the death of Ms. Burton.

36. The negligence of these additional agents, servants and employees includes but is not limited to:

   a. arranging for laboratory testing that would provide influenza testing results more promptly; and

   b. failing to promptly refer Ms. Burton to a physician with expertise to handle complications such as Ms. Burtons;

   c. failing to promptly refer Ms. Burton to a hospital when she complained of problems breathing on July 27, 2009.

37. The aforementioned actions of the United States of America, through the actions of the named and unnamed agents, servants and employees constitute negligence and were the cause of the death of Ms. Burton.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants in an amount to be determined by the trier of fact, including pre-judgment interest provided by law, costs and such other and further relief as the Court deems just and proper.

## CERTIFICATE OF REVIEW

1.    The undersigned have consulted with professionals who have expertise in the areas of the alleged negligent conduct of each of the licensed professionals named as parties in this action.

2.    The professionals who have been consulted, pursuant to C.R.S., §13-20-602(3)(a)(I), have reviewed the known facts, including such records, documents and other materials which the professionals have found to be relevant to the allegations of negligent conduct and, based on the review of such facts, have concluded that the filing of the claims do not lack substantial justification within the meaning of C.R.S., §13-17-102(4).

3.    The professionals consulted can demonstrate by competent evidence that, as a result of training, education, knowledge and experience, the professionals are competent to express an opinion as to the negligent conduct alleged. As to the negligent conduct alleged regarding physician, the professionals consulted meets the requirements of §13-64-401.

Respectfully submitted this 31st day of July 2012.

**SCHOENWALD & THOMPSON LLC**

*Duly signed copy of this Complaint is on file at undersigned's offices*

/s/ Julia T. Thompson

Julia T. Thompson
1890 Gaylord Street
Denver, CO 80206
303-837-9000
303-322-3423 (facsimile)
juliat@milehighlaw.com

Plaintiff's address:

9031 Tompkins Road
Peyton, CO 80831