**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-02002-WJM-CBS

STEVE N. BURTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
CHARLES SCHOEPHOERSTER,
KEITH BAKER,
CALVIN POLLAND

    Defendants.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

---

Plaintiff Steve N. Burton ("Plaintiff") brings claims for wrongful death against Defendant United States of America ("Defendant"). Before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Court Rules of Civil Procedure ("Motion").[1] (ECF No. 17.) Plaintiff has filed a Response to this Motion (ECF No. 21) and Defendants have filed a Reply. (ECF No. 22). The Motion is ripe for adjudication.

Having reviewed the parties' briefs, and for the reasons set forth below, the Court grants Defendant's Motion.

---

[1] No reference is made of the other Defendants in this Order. Plaintiff's claims against the individual federal employee defendants are improper given what is stated in *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001) (stating "[t]he United States is the only proper defendant in an FTCA action.")

## I. STANDARD OF REVIEW

A motion under Rule 12(b)(1) is a request upon the court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of establishing that the court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Dismissal of a complaint under Fed. R. Civ. P. 12(b)(1) is proper when the Court lacks subject matter jurisdiction over a claim for relief. *See SBM Site Services, LLC v. Garrett*, 2012 WL 628619, *1 (D. Colo. Feb. 27, 2012).

When a court's subject matter jurisdiction is challenged, the court may review materials outside the pleadings without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *Davis ex rel. Davis v. U.S.*, 342 F.3d 1282, 1296 (10th Cir. 2003) (stating that "when a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" (*quoting Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)); *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000); *Holt*, 46 F.3d at 1003.

Only where the jurisdictional question is intertwined with the merits (not present here) is conversion of a Rule 12(b)(1) motion into a motion for summary judgment under Rule 56, appropriate. *Id.*; WJM Revised Practice Standards, III.D.3.

## II.  BACKGROUND

Plaintiff Burton brings claims for wrongful death against Defendant United States of America.   Plaintiff alleges that the death of his wife, Deborah Burton on July 28, 2009, resulted from medical negligence at the Peterson Air Force Base. Plaintiff, through his counsel, filed a claim with the Peterson Air Force Base legal office on April 18, 2011.  (ECF No. 17-1). The claim was filed on a Standard Form 95.  *Id.* The Department of the Air Force denied the claim on February 24, 2012. *Id.*

In the section of the form provided for the amount of the wrongful death portion of the claim, Plaintiff wrote, "<u>In Excess of $1.5 Million</u>"; and, in the section of the form requesting the total of amount of the claim, Plaintiff wrote "<u>0.00</u>." *Id.* (*emphasis added.*)[2] These jurisdictional facts are undisputed by the parties, and are dispositive of Defendant's Motion.

## III.  ANALYSIS

### A.    Relevant Law: Waiver of Government Immunity

To establish subject matter jurisdiction under the Federal Tort Claims Act ("FTCA"), a claimant must first give notice to the appropriate federal agency.  28 U.S.C. § 2675(a); *Industrial Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (district courts do not have the authority to waive these requirements); *see also Hart v. Dep't of Labor ex rel United States*, 116 F.3d 1338, 1340 (10th Cir. 1997).   The FTCA only provides a limited waiver of the government's

---

[2] The Standard Form 95 used by the Plaintiff contains numerous instructions, advisements, and specific requests for information to facilitate compliance with the FTC.  (ECF No. 17-1.)

sovereign immunity.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Orleans*, 425 U.S. 807, 814 (1976) (stating that "the United States can be sued only to the extent that it has waived its immunity").[3]

Importantly, because the "FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed."  *Bradley v. United States ex rel. Veterans Admin.,* 951 F.2d 268, 270 (10th Cir. 1991).  The requirement cannot be waived. *Id.*  The FTCA thus "requires that claims for damages against the government be presented to the federal agency by filing: (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id.* at 270 (*quoting Warren v. United States Dep't of Interior Bureau of Land Mgmt.,* 724 F.2d 776, 780 (9th Cir.1984)); *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992) (proper FTCA claims require statement of a "sum certain"); *see also Three-M Enters., Inc. v. United States*, 548 F.2d 293, 295 (10th Cir. 1977); 28 U.S.C. § 2675(a).

---

[3] 28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C. §  2675(b) provides:

Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

### B.     Parties Arguments

The Parties do not dispute the *first* FTCA requirement.  Rather, the issue in dispute is whether Plaintiff has satisfied the *second* requirement—*i.e.* whether Plaintiff's claim, which stated damages as "in excess of $1.5 Million", satisfied the requirement that such damages reflect a sum certain.[4]  The Court finds in the negative.  Specifically, the Court finds that Plaintiff has not satisfied the sum certain requirement.

First*,* Plaintiff seeks to ignore Tenth Circuit authority—*i.e.* that the Court ignore not only the *Bradley* decision, but also *Gladden v. United States*, 18 Fed. App'x 756, 757 (10th Cir. 2001).  In both these cases, the plaintiff sought damages for amounts stated in the *same* manner as Plaintiff's damages in this case.  In *Bradley*, for example, the plaintiff filed a medical malpractice action against the Department of Veterans Affairs ("VA").  *Bradley*, 951 F.2d at 271.  The plaintiff's submission to the VA stated that the amount of plaintiff's damages would be "*in excess of* $100,000."  *Id.*  The Tenth Circuit found against the plaintiff on the sum certain requirement—stating:

> Because there is no ceiling on the amount, we decline to hold that Plaintiff's valuation of his claim as "in excess of $100,000.00" is sufficient to satisfy the sum certain requirement.

*Id.*.2d at 271. The court further held that "failure to comply with the sum certain requirement results in the case being treated 'as if no administrative claim had ever been filed.'" *Id.* at 271 (*quoting Caidin v. United States*, 564 F.2d 284, 287 (9th Cir.

---

[4] Relevant to this issue is the related point of Plaintiff's writing of $0.00 in the box that expressly states "TOTAL (failure to specify may cause forfeiture of your rights)" further harms Plaintiff's position.  (ECF No. 17-1.)  There is little (if anything) in Plaintiff's briefing going to this point, which cuts against his position.

5

1977)).[5]

Similarly, in *Gladden*, plaintiff who submitted a FTCA administrative claim for an amount "in excess of $100,000" was also unsuccessful in her appeal to the Tenth Circuit. Bound by *Bradley*, the court upheld the dismissal, stating that the plaintiffs "recognize, as they must, that this precise issue was addressed and resolved by this court [in *Bradley*]." *See Gladden*, 18 Fed. App'x at 757; *see also Cizek*, 953 F.2d at 1234.

Here, Plaintiff wrote in the portion of the form requiring an amount that he was seeking a claim "[i]n excess of $1.5 Million." (ECF No. 17-1.) The language used in this claim is precisely the same language used in *Bradley* and *Gladden.* Both those cases found against the plaintiffs for failing to satisfy § 2675(a)'s requirements. Because the language used in these cases is the same as the instant case, the same result must follow. Thus, because Plaintiff has failed to satisfy the sum certain requirement, the Court grants Defendant's Motion to Dismiss for lack of jurisdiction. *See Basso*, 495 F.2d at 909 (stating that a plaintiff bears the burden to establish subject matter jurisdiction).

---

[5] *See Bradley*, 951 F.2d at 270 (stating that a valuation without a ceiling does not "afford[ ] the agency sufficient information to determine whether Plaintiff's claim [is] realistic or settleable"). *See also Kendall v. Watkins*, 998 F.2d 848, 852 (10th Cir.1993) (applying *Bradley* and holding that letters requesting "reinstatement, back pay, front pay, damages for alleged blacklisting, and disciplinary action against certain federal employees," did not request a sum certain, and thus did not present an adequate claim).

Second, Plaintiff's briefing ignores the fact that the FTCA is an exception to the rule. The FTCA provides waiver to governmental immunity. Because the statute provides waiver, the Tenth Circuit has held that § 2675(a) must be construed strictly since the provision provides consent for the U.S. Government to be sued. *See Bradley,* 951 F.2d at 270.[6] The reason for this strict construction also reflects the underlying purpose of the statute—*i.e.* to "ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *See Staggs v. United States*, 425 F.3d 881 (10th Cir. 2005) (*quoting Bradley.*, 951 F.2d at 271).

Contrary to Plaintiff's position, Plaintiff fails to rebut the Tenth Circuit's reading of the FTCA (and its underlying purposes). By failing to do so, this Court has no choice but to strictly interpret 28 U.S.C. § 2675(a) in conformity with such authority. *Bradley* says as much. And because this Court must construe the statute strictly—which precludes a sum certain without ceiling so to expedite the fair settlement of tort claims—this further fortifies the Court's finding in favor of dismissal for lack of jurisdiction. *See also Gladde*n, 18 Fed. App'x at 757 (stating that "'the FTCA constitutes a waiver of the government's sovereign immunity, [so that] the notice requirements established by the FTCA must be strictly construed.'"*)*

Third, the Court rejects Plaintiff's argument that this Court adopt the reasoning of *Erxleben v. Uniled States*, 668 F.2d 268 (7th Cir. 1981) and *Martinez v. United States*, 728 F.2d 694 (5th Cir. 1984). Both these cases come from sister circuits. They are not

---

[6] This exception applies to all plaintiffs, and to deal with the potential, voluminous claims against same, the statute mandates that a plaintiff must provide "a sum certain."

binding on this Court. But even if they were, they do not save Plaintiff's position. In *Erxleben*, for example, the plaintiff sought damages arising from a motor vehicle accident. In his administrative claim, plaintiff made the following specific claims: "(A) Property damage $109, (B) Personal Injury "$149.42 presently," (C) Wrongful Death 0, and (D) Total $259.34." *See Erxleben*, 668 F.2d at 270. Despite the use of the term "presently" in the plaintiff's claim, the Seventh Circuit found that the FTCA's notice requirement was fulfilled because the claimant provided specific amounts upon which the government could have acted. *Id.* at 273. But *Erxleben* is distinct from the instant case. Plaintiff Burton has claimed (1) wrongful death damages "In Excess of $1.5 Million", and (2) in the box for the total claim amount, he wrote "0.00." (ECF No. 17-1.) Notwithstanding the discrepancy in these figures, these numbers are a far cry from the specific amounts that were indicated in *Erxleben* 668 F.2d at 270. As such, and notwithstanding the fact that the case derives from the Seventh Circuit, the *Erxleben* holding does not support Plaintiff's position.[7][8]

---

[7] Defendant's reliance on *Martinez* 728 F.2d at 696 is also unavailing. There, the plaintiff sought a claim against the U.S. Government "in excess of $100,000." *Id.* Plaintiff seeks to rely upon the Fifth Circuit decision because the language ("in excess of") is similar to this case. But a problem persists for Plaintiff: the Fifth Circuit decision was expressly addressed (and rejected) in the Tenth Circuit's *Bradley* decision. As such, it follows the Court cannot adopt *Martinez* because the Tenth Circuit has rejected same.

[8] Consistent with what has been stated in the Order above, the Court holds that to the extent that Plaintiff argues that the Defendant should have requested further information regarding Plaintiff's administrative claim, the Court rejects that argument. (See ECF No. 21 at 5.) The reasons are three-fold: (1) Plaintiff relies on cases outside the Tenth Circuit to support his position. Those cases are not binding on this Court, (2) Plaintiff's argument is subsumed by the precedent in *Bradley* 951 F.2d at *271* (and its progeny), which has been addressed at length in this Order, and (3) Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction. The Court finds that Plaintiff's argument tends to shift that burden to Defendant. Because the sum certain requirement is jurisdictional and "cannot be waived" as held in *Bradley* 951 F.2d at *271*, Plaintiff's argument runs contrary to existing precedent. *See Basso*, 495 F.2d

In sum, given the weight of authority against Plaintiff, the Court has little choice but to find for Defendant because Plaintiff did not file an administrative claim meeting the 'sum certain' requirement. As such, the Court is without jurisdiction to entertain the lawsuit. Dismissal of Plaintiff's case is appropriate in these circumstances. *See Bradley*, 951 F.2d at 271 ("Failure to comply with the sum certain requirement results in the case being treated as if no administrative claim had ever been filed.")

## IV. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion to Dismiss (ECF No. 17) is GRANTED, and the claims brought by Plaintiff pursuant to the Federal Tort Claims Act are hereby DISMISSED pursuant to Rule 12(b)(1) for lack of jurisdiction.

Dated this 18th day of June, 2013.

BY THE COURT:

William J. Martínez
United States District Judge

---

at 909; *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971); *see also Nigh v. United States*, 534 F.Supp.2d 1170, 1175 (D.Mont. 2008)

9